[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 104)
Before the court is the defendant's motion to strike the plaintiff's revised complaint for failure to state a sufficient cause of action. The defendant, a homeowner, claims that the plaintiff's home improvement contract, attached to the revised complaint as exhibit A, violates General Statutes § 20-429, and, therefore, the contract is unenforceable. The plaintiff, a contractor as defined under the act, has not responded to the defendant's motion to strike.
A contractor's failure to comply with the requirements of General Statutes § 20-429 renders the contract unenforceable, unless the contractor pleads and proves bad faith on the part of the homeowner in breaching the contract. See Habetz v. Condon, 224 Conn. 231, 238,618 A.2d 501 (1992). In the present case, the home improvement contract is fatally deficient because it does not contain a start date and a completion date. See General Statutes § 20-429 (b); Rizzo Pool Co.v. DelGrosso, 232 Conn. 666, 680, 657 A.2d 1087 (1995). Further, the plaintiff, as the contractor, has failed to plead bad faith on the part of the defendant, the homeowner. Therefore, the plaintiff's revised complaint is legally insufficient. Accordingly, the defendant's motion to strike is granted.